# Public Version/Redacted Complaint

FILED
CLERK, U.S. DISTRICT COURT
MAR 28 2026
CENTRAL DISTRICT OF CALIFORNIA
BY rsm DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA** **2:26-CV-03730-MEMF-SPx**

**IFEOMA CHUKWURAH,**
Plaintiff,

v.

**KAISER FOUNDATION HEALTH PLAN, INC.;**

**KAISER FOUNDATION HOSPITALS;**

**NOMAD HEALTH, INC.;**

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.;**

**QBE INSURANCE CORPORATION;**

**and DOES 1–100, inclusive,**

Defendants.

**Case No.:** [Pending Assignment]

**COMPLAINT**

(Civil Rights, Disability Discrimination, Retaliation, RICO, and Related Claims)

## I. INTRODUCTION

1. Plaintiff Ifeoma Chukwurah is a Registered Nurse with over a decade of clinical and case management experience.

2. Plaintiff brings this action against Defendants for unlawful discrimination, retaliation, failure to accommodate disability, interference with medical care, and coordinated conduct affecting her employment, healthcare, and benefits.
3. Plaintiff was employed through Nomad Health and assigned to Kaiser Permanente facilities, where Kaiser exercised direct control over her work and accommodations.
4. After Plaintiff engaged in protected activity, including requesting disability accommodations and reporting unsafe practices, she was terminated and subjected to ongoing harm.
5. Defendants' conduct extended beyond employment and included interference with Plaintiff's access to medical care, biased documentation, and improper claims handling.
6. Plaintiff has exhausted administrative remedies through the California Civil Rights Department (CRD), with United States Equal Employment Opportunity Commission (EEOC) review pending.
7. Defendants' actions form a pattern of conduct affecting Plaintiff's employment, health, and financial stability.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), including claims under:
    a. Americans with Disabilities Act (ADA)
    b. 42 U.S.C. § 1981
    c. Racketeer Influenced and Corrupt Organizations Act (RICO)

9. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for state law claims, including FEHA.
10. Plaintiff exhausted administrative remedies through CRD, which dual-filed with EEOC. EEOC review remains pending.
11. Venue is proper in this District because the events occurred within this District.

## III. PARTIES

12. Plaintiff Ifeoma Chukwurah resides in Los Angeles County, California.
13. Defendant Kaiser Foundation Health Plan, Inc. operates healthcare services in California.
14. Defendant Kaiser Foundation Hospitals operates facilities where Plaintiff worked and received care.
15. Defendant Nomad Health, Inc. employed Plaintiff and assigned her to Kaiser facilities.
16. Defendant Sedgwick Claims Management Services, Inc. administered claims related to Plaintiff's employment.
17. Defendant QBE Insurance Corporation provided insurance coverage and participated in claims handling.
18. DOES 1–100 are unknown parties involved in the conduct alleged.

## IV. RICO ENTERPRISE ALLEGATIONS

19. Defendants formed an enterprise within the meaning of 18 U.S.C. § 1961(4).
20. The enterprise involved coordinated activities across employment, healthcare, and claims administration.
21. Defendants participated in the operation and management of the enterprise.

22. The enterprise engaged in a pattern of related and continuous conduct, including:

    a. The withholding or delayed disclosure of material medical information during Plaintiff's emergency department encounter on or about December 1–2, 2025;

    b. The creation and use of medical documentation that inaccurately characterized Plaintiff's disability-related conduct and protected activity;

    c. Claims handling practices beginning in or around May 2023, including reassignment of claims adjusters, delays in processing, and repeated requests for extensive medical documentation;

    d. Interference with Plaintiff's employment opportunities following termination, including repeated failure to hire despite qualifications during 2024 and 2025;

    e. The use of interstate electronic communications, including claims systems, employment application platforms, and medical records systems, to carry out and perpetuate these actions.

23. These acts were related in purpose and effect and were carried out over a period of time sufficient to constitute a pattern under 18 U.S.C. § 1961(5).

24. As a direct result of this pattern of conduct, Plaintiff suffered injury to her business and property, including loss of employment income, inability to secure employment, and risk of foreclosure.

25. The pattern of conduct described herein was ongoing and open-ended, with no indication of cessation.

## V. FACTUAL ALLEGATIONS

### A. Chronological Timeline of Events

26. In or around April 2023, Plaintiff disclosed her disability and requested reasonable accommodations.

27. On or about May 1–2, 2023, Plaintiff's assignment was terminated shortly after her accommodation request.

28. Following her termination, Plaintiff filed claims related to her employment and medical condition, which were administered by Defendant Sedgwick.

29. Throughout 2023 and continuing into 2024, Plaintiff experienced delays, reassignment of claims adjusters, and requests for extensive medical documentation.

30. During 2024 and 2025, Plaintiff applied for numerous positions within Kaiser and other healthcare systems but was not selected despite qualifications.

31. On or about December 1–2, 2025, Plaintiff presented to Kaiser Permanente South Bay Emergency Department with serious medical symptoms.

32. During that encounter, diagnostic findings were not fully disclosed prior to discharge.

33. Following these events, Plaintiff was diagnosed with [redacted] and [redacted].

34. Throughout 2025 and into 2026, Plaintiff filed complaints with regulatory agencies, including the Medical Board of California, Department of Managed Health Care, and California Department of Public Health.

35. As a result of Defendants' conduct, Plaintiff has experienced ongoing loss of income and is now facing foreclosure of her home.

**B. Employment Relationship and Joint Control**

36. Plaintiff was employed by Defendant Nomad Health, Inc. and assigned to Kaiser Permanente Riverside Medical Center as an Emergency Room RN Case Manager.

37. Defendant Kaiser exercised direct control over Plaintiff's work, supervision, and working conditions.

38. This created a joint employment relationship between Defendants.

**C. Disability Disclosure and Accommodation**

39. Plaintiff has documented disabilities, including [redacted] and [redacted].

40. Plaintiff disclosed her disability and requested reasonable accommodations.

41. Defendants failed to engage in a good-faith interactive process.

**D. Termination and Retaliation**

42. Plaintiff's assignment was terminated shortly after requesting accommodations.

43. Defendants failed to provide a legitimate reason for termination.

44. The timing supports an inference of retaliation.

**E. Biased Documentation**

45. Plaintiff's accommodation requests were documented as "unusual."

46. This characterization introduced bias into Plaintiff's medical record.

47. Plaintiff is informed and believes this influenced subsequent care and treatment.

**F. Emergency Department Conduct**

48. Plaintiff presented with serious symptoms including [redacted] and [redacted].

49. Plaintiff was discharged without full disclosure of diagnostic findings.

50. Plaintiff was threatened with trespass while medically unstable.

51. Plaintiff was subjected to restraint and sedation without required safeguards.

52. No psychiatric hold, Code Gray, or law enforcement involvement occurred.

53. Plaintiff's advocacy was inaccurately characterized as aggressive.

## G. Delayed Diagnosis

54. Plaintiff was later [redacted].

55. Plaintiff had previously presented symptoms requiring escalation.

56. Defendants failed to provide timely evaluation or treatment.

## H. Claims Handling

57. Defendant Sedgwick handled Plaintiff's claims.

58. Claims handling included delays, reassignment, and extensive documentation requests.

59. Plaintiff is informed and believes these actions were coordinated with employment issues.

60. Plaintiff experienced delays in obtaining employment and personnel records through Defendants and their representatives, which delayed her ability to pursue claims and contributed to ongoing financial harm.

## I. Regulatory Complaints

61. Plaintiff reported unsafe and discriminatory practices to regulatory agencies.

62. These included the Medical Board of California (MBC), Osteopathic Medical Board of California (OMBC) and California Board of Nursing (BON).

63. Defendants failed to correct the issues after notice, including notice through regulatory complaints and agency filings.

## J. Ongoing Retaliation

64. Plaintiff applied for numerous positions but was not selected.

65. Plaintiff is informed and believes this was influenced by prior protected activity.

66. Plaintiff has suffered ongoing economic harm.

**K. Financial Harm and Foreclosure**

67. Plaintiff experienced sustained loss of income beginning May 2023.

68. Plaintiff relied on that income for mortgage obligations.

69. Plaintiff fell behind on payments due to loss of employment.

70. Plaintiff is currently facing foreclosure proceedings on her primary residence as a direct result of sustained loss of income caused by Defendants' conduct.

71. This constitutes injury to business and property under 18 U.S.C. § 1964(c).

72. Defendants' conduct, including termination shortly after accommodation requests, subsequent interference with claims processing, and ongoing failure to hire despite qualifications, was a substantial factor in causing Plaintiff's sustained loss of income and inability to meet financial obligations, resulting in foreclosure risk.

73. Defendants' delays in claims handling, employment decisions, and access to care foreseeably prolonged Plaintiff's inability to work and obtain benefits, directly increasing financial losses and compounding housing instability.

**L. Government Agency Involvement and Failure to Intervene**

74. Plaintiff filed complaints with multiple governmental and regulatory agencies regarding Defendants' conduct, including the Department of Managed Health Care (DMHC), California Department of Public Health (CDPH), California Department of Insurance

(CDI), Health and Human Services Office of Civil Rights (HHS OCR), Department of Industrial Relations (DIR), and Division of Labor Standards Enforcement (DLSE).

75. Plaintiff also filed a whistleblower complaint with the United States Department of Labor alleging adverse employment actions following protected activity.

76. Despite receiving notice of Plaintiff's complaints, including documented communications and submissions, these agencies either declined jurisdiction, delayed action, or failed to meaningfully intervene.

77. Plaintiff is informed and believes that Defendants were aware of these complaints and continued the conduct described herein despite such notice.

78. The failure of regulatory agencies to intervene allowed Defendants' conduct to continue and contributed to the ongoing harm suffered by Plaintiff.

79. Plaintiff submitted multiple formal Government Claims to the California Department of General Services in January and February 2026, which were received and processed, further placing state entities on notice of ongoing harm.

## VI. PROCEDURAL POSTURE AND RELATED FILINGS

80. Plaintiff has filed multiple administrative and legal actions addressing related conduct.

81. Defendants' conduct, including Plaintiff's termination shortly after requesting accommodations, subsequent interference with claims processing, and ongoing failure to secure employment despite qualifications, directly contributed to Plaintiff's sustained loss of income and inability to meet financial obligations, resulting in foreclosure risk.

82. These filings reflect distinct legal violations across different systems.

83. Plaintiff pursued administrative remedies prior to litigation.

84. The number of filings reflects the scope of Defendants' conduct.

85. Plaintiff has made good-faith efforts to consolidate claims.

## VII. CAUSES OF ACTION

### COUNT 1 — FEHA DISCRIMINATION

86. Plaintiff has a disability within the meaning of FEHA.

87. Plaintiff disclosed her disability and requested reasonable accommodations in or around April 2023.

88. Shortly thereafter, Plaintiff's employment assignment was terminated on or about May 1–2, 2023.

89. Defendants' actions were based on Plaintiff's disability and failure to accommodate.

90. As a result, Plaintiff suffered loss of employment, income, and professional opportunities.

### COUNT 2 — FEHA RETALIATION

91. Plaintiff engaged in protected activity, including requesting disability accommodations in or around April 2023 and reporting unsafe and discriminatory practices.

92. Shortly thereafter, Plaintiff's employment assignment was terminated on or about May 1–2, 2023.

93. Defendants' actions were causally connected to Plaintiff's protected activity.

94. As a result, Plaintiff suffered loss of employment, income, and ongoing professional harm.

### COUNT 3 — FEHA FAILURE TO ACCOMMODATE

95. Plaintiff requested reasonable accommodations in or around April 2023.

96. Defendants failed to engage in a good-faith interactive process or provide accommodations.

97. As a result, Plaintiff suffered adverse employment consequences, including termination.

**COUNT 4 — ADA DISCRIMINATION**

98. Plaintiff is a qualified individual with a disability.

99. Defendants failed to accommodate and discriminated against her.

100. Plaintiff will amend upon receipt of EEOC Right-to-Sue.

101. Plaintiff seeks to proceed on state law claims and other federal claims at this time and will amend to include the EEOC Right-to-Sue upon issuance.

**COUNT 5 — ADA RETALIATION**

102. Plaintiff engaged in protected activity.

103. Defendants retaliated against her.

**COUNT 6 — 42 U.S.C. § 1981**

104. Plaintiff is a member of a protected class.

105. Defendants interfered with her employment rights.

**COUNT 7 — NEGLIGENCE / INTERFERENCE WITH CARE**

106. Defendants failed to provide appropriate medical care.

107. Plaintiff suffered harm as a result.

**COUNT 8 — RICO (18 U.S.C. § 1962(c))**

108. Defendants conducted and participated in the operation of an enterprise affecting interstate commerce within the meaning of 18 U.S.C. § 1962(c).

109. Through the pattern of conduct described herein, including actions occurring between February 2023 and continuing through 2025 and 2026, Defendants engaged in coordinated activities affecting Plaintiff's employment, medical care, and claims handling.

110. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injury to her business and property, including loss of employment income, inability to secure employment, and risk of foreclosure of her home.

111. Plaintiff faces ongoing and irreparable harm absent injunctive relief, as continued delays and non-compliant practices risk further loss of income, medical access, and housing stability.

112. Plaintiff is informed and believes that similar claims handling, employment, and documentation practices have been the subject of other legal challenges involving Defendants and related entities.

## VIII. PRAYER FOR RELIEF

113. Plaintiff requests:

114. Compensatory damages

115. Lost wages and earning capacity

116. Emotional distress damages

117. Punitive damages

**118. Plaintiff requests equitable and injunctive relief including:**

a. Reinstatement to a comparable non-patient-facing position, with reasonable accommodations, equivalent seniority, compensation, benefits, and advancement opportunities, or in the alternative, front pay in lieu of reinstatement;

b. Restoration of lost seniority, service credit, employment status, and benefits, including compensation for lost retirement contributions, employer matches, vesting opportunities, and related employment benefits;

c. Injunctive relief requiring Defendants to implement and maintain ADA-compliant policies and procedures for evaluating, accommodating, and safely discharging patients with documented disabilities in emergency department settings, including appropriate escalation protocols and access to supervisory or case management review when clinically indicated;

d. Injunctive relief requiring access to timely, non-retaliatory, clinically appropriate specialty evaluation and second-opinion review for serious medical concerns, includin[redacted] and [redacted], without discriminatory obstruction or delay.

e. Injunctive relief requiring Defendant Sedgwick to implement and maintain fair, non-retaliatory claims-handling procedures consistent with applicable law, including timely processing standards, consistent adjuster assignment practices, and documentation protocols that ensure accuracy, completeness, and transparency in communications with claimants.

f. Injunctive relief prohibiting retaliation in claims handling following protected activity, including adverse actions reflected through unjustified

delays, excessive documentation demands, or inconsistent claim administration.

g. Injunctive relief requiring preservation of claims records and communications, and provision of reasonable access to claim-related information to ensure meaningful participation by the claimant in the process.

h. Injunctive relief requiring Defendant Nomad Health, Inc. to implement and maintain ADA-compliant employment practices, including timely engagement in the interactive process, proper documentation of accommodation requests, and non-retaliatory employment decision-making.

i. Injunctive relief requiring fair and non-retaliatory hiring and reassignment procedures for qualified applicants with disabilities, including transparent evaluation practices and documentation sufficient to ensure compliance with federal and state law.

j. Injunctive relief requiring appropriate training of personnel involved in recruitment, placement, and employment decisions regarding disability accommodation obligations and anti-retaliation requirements.

k. Injunctive relief requiring Defendant Torrance Memorial Medical Center to implement and maintain non-discriminatory workplace practices for contracted healthcare personnel, including appropriate coordination with staffing agencies regarding accommodation requests and workplace assignments.

l. Injunctive relief requiring policies ensuring that contracted staff are not subjected to retaliation or adverse treatment based on disability-related disclosures or protected activity.

m. Injunctive relief requiring training for supervisory personnel regarding obligations toward contracted healthcare workers, including non-discrimination and accommodation coordination.

n. Such additional injunctive relief as necessary to ensure Defendants' ongoing compliance with federal and state anti-discrimination and anti-retaliation laws.

119. Costs and fees

120. Any other relief the Court deems appropriate

121. Damages related to loss of housing stability and foreclosure risk.

## IX. JURY DEMAND

122. Plaintiff demands a trial by jury.

**Date:** March 27th, 2026.

**/s/ Ifeoma Chukwurah**
Ifeoma Chukwurah
Plaintiff, Pro Se

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

# EXHIBIT A

## Ifeoma Chukwurah v. Kaiser Foundation Health Plan Inc., et al.

February 17, 2026

**Via Email:** [redacted]

Ifeoma Chukwurah
1968 South Coast Highway #4064
Laguna Beach, CA 92651

RE: **Notice of Case Closure**
**Case Number**: 202510-31751016
**Case Name**: Chukwurah / Kaiser Foundation Health Plan, Inc. et al.
**Case Type**: Employment
**EEOC Number**: 37A-2026-00960
**County of Violation**: Alameda

Dear Ifeoma Chukwurah:

The Civil Rights Department (CRD) has closed your case for the following reason(s): **No Basis to Proceed (For Filing Purposes Only)**.

CRD has not determined if further investigation might establish violation(s) of the law. This decision does not mean the alleged claims have no merit or that the respondent is following the law. This case closure is relevant to the allegations listed on the signed complaint only.

**This is your Right to Sue notice**. Government Code section 12965, subdivision (b), declares that you may file your own civil action asserting employment claims under FEHA within one year of the date of this letter. If you want to file a civil action that includes other claims, you should consult an attorney about the applicable statutes of limitation. The intake form for this case was submitted to CRD on October 15, 2025.

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws. If you decide to file with a local agency, you must file before the deadline that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

Your complaint **is dual filed** with the United States Equal Employment Opportunity Commission (EEOC). You have a right to request EEOC to perform a substantial weight review of our findings. This request must be made within fifteen (15) days of your receipt of this notice. Pursuant to Government code section 12965, subdivision (d)(1), your right to sue may be tolled during the pendency of EEOC's review of your complaint. To secure this review, you must request it in writing to the State and Local Coordinator:

**EEOC Southern California**
**Roybal Federal Building**
**255 East Temple Street, 4th Floor**
**Los Angeles, California 90012**
**Karrie.Maeda@eeoc.gov**

Although CRD has closed your case, the allegations and conduct at issue may be in violation of the law. You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct. If a settlement or conciliation agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Below are some resources to assist you in deciding whether to bring a civil action on your own behalf in court in the State of California under the provisions of FEHA against the respondent(s) named in your complaint. To proceed in court, you should contact an attorney.

- The State Bar of California has a Lawyer Referral Services Program which can be accessed at http://www.calbar.ca.gov under the 'Public' link, or by calling 866-442-2529 (within California) or 415-538-2250 (outside California).
- Your local city or county may also have a lawyer referral or legal aid service.
- The California Courts website has a self-help guide, 'Small Claims in California,' that may be found at: https://selfhelp.courts.ca.gov/small-claims-california. Additional resources for small claims cases may be found at: https://selfhelp.courts.ca.gov/resources-small-claims-cases. You may also seek assistance by contacting the Small Claims Advisor, self-help center, or Small Claims Clerk's office for your county.

**You have the right to appeal the closure of your case to CRD's Appeals Unit**. To submit an appeal, you must complete the Appeal Request Form and submit it to the Appeals Unit within ten (10) calendar days of the date on this letter, which serves as the official notification of case closure.

For the Appeals Unit to consider your appeal, you must:

1. Download and complete the Appeal Request Form located on the CRD website: https://calcivilrights.ca.gov/complaintprocess/?content=appeal.

   If you need assistance obtaining a copy of the Appeal Request Form or if you need assistance in completing the form, call CRD at 1-800-884-1684 (voice), 1-800-700-2320 (TTY), or by using California's Relay Service at 711.

2. Submit the completed Appeal Request Form within ten (10) calendar days of the date on this letter in one of the following ways:

a) Email. Send your Appeal Request Form to: appeals@calcivil-rights.ca.gov

**OR**

b) Mail. Send your Appeal Request Form to: Civil Rights Department, Appeals Unit, 651 Bannon Street, Suite 200, Sacramento, CA 95811.

Please note, an appeal is not an opportunity to redo an investigation; it is an internal review of the investigation completed by CRD and all the evidence previously submitted to CRD. New evidence submitted with your appeal will not be reviewed by the Appeals Unit.

Sincerely,

*Monica T.*

Monica T.
Analyst II
[redacted]
[redacted]@calcivilrights.ca.gov

cc: Kaiser Foundation Health Plan, Inc.
One Kaiser Plaza
Oakland, CA 94612

STATE OF CALIFORNIA Ricardo Lara, *Insurance Commissioner*

**DEPARTMENT OF INSURANCE**
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
RATING AND UNDERWRITING SERVICES BUREAU
300 SOUTH SPRING STREET
LOS ANGELES, CA 90013
www.insurance.ca.gov

**EXHIBIT B**

**Ifeoma Chukwurah v. Kaiser Foundation Health Plan Inc., et al.**

February 17, 2026

Ifeoma Chukwurah
1968 South Coast Highway Ste 4064
Laguna Beach, CA 92651

Our File Number: 8702799
Regarding: Kaiser Foundation Health Plan Silver 87 HMO

Dear Ifeoma Chukwurah:

Thank you for your recent correspondence regarding the above noted coverage. Based on the information you provided, you have filed a complaint about a medical plan that does not fall within the jurisdiction of the California Department of Insurance. Therefore, please continue to pursue this complaint that you have also filed with the Department of Managed Health Care. Their agency has the authority to help you regarding your concerns.

Thank you for contacting the California Department of Insurance.

Sincerely,

*Joel Anacleto*
Senior Insurance Compliance Officer
Phone: [redacted]
Email: [redacted]insurance.ca.gov