**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**IFEOMA CHUKWURAH, RN**
Plaintiff,

v.

**KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; NOMAD HEALTH, INC.; NOMAD NURSES, INC.; TORRANCE MEMORIAL MEDICAL CENTER; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; QBE INSURANCE CORPORATION; EVERLY LIFE INSURANCE COMPANY; AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC); and DOES 1–100, inclusive,**

Defendants.

**Case No.:** 2:26-cv-03730-MEMF-SP

**FIRST AMENDED COMPLAINT FOR:**

1. Civil RICO (18 U.S.C. § 1962(c), (d))
2. False Claims Act Whistleblower Retaliation (31 U.S.C. § 3730(h))
3. ADA Title II & Title III Discrimination (42 U.S.C. §§ 12132, 12182)
4. ADA Title I Workplace Discrimination & Retaliation (42 U.S.C. §§ 12112, 12203)
5. 42 U.S.C. § 1981 Race Discrimination & Interference with Contract
6. Healthcare Whistleblower Retaliation (Cal. Health & Safety Code § 1278.5)
7. General Whistleblower Retaliation (Cal. Labor Code § 1102.5)
8. Statutory Joint Employer Liability (Cal. Labor Code § 2810.3)
9. FEHA Disability Discrimination, Retaliation & Failure to Accommodate (Cal. Gov. Code § 12940 et seq.)

10. Financial Abuse of a Dependent Adult (Cal. Welf. & Inst. Code § 15610.30)
11. Physical Abuse & Neglect of a Dependent Adult (Cal. Welf. & Inst. Code § 15610.57)
12. Tom Bane Civil Rights Act & Common Law Battery (Cal. Civ. Code § 52.1)
13. Common Law False Imprisonment
14. Tortious Breach of the Implied Covenant of Good Faith (Insurance Bad Faith)
15. Breach of Contract (Insurance Policies)
16. California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.)

**DEMAND FOR JURY TRIAL**

Plaintiff Ifeoma Chukwurah, RN, BSN, MPA, proceeding pro se, respectfully files this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), alleging as follows against Defendants:

**I. INTRODUCTION & NATURE OF THE ACTION**

1. Plaintiff Ifeoma Chukwurah is an experienced Registered Nurse and Case Manager holding BSN and MPA degrees, with extensive clinical experience in emergency care and case management.
2. Plaintiff brings this First Amended Complaint against Defendants for coordinated disability discrimination, systemic whistleblower retaliation, unlawful wage recharacterization, bad-faith insurance benefit suppression, non-consensual physical and chemical restraint, and joint-employer violations affecting her career, health, and civil rights.
3. Defendants operated a coordinated joint-employer and administrative apparatus to exploit travel clinicians under California Labor Code § 2810.3, suppress taxable wage reporting to the IRS and EDD, weaponize Electronic Health Records (EHR) against complaining clinicians, and unlawfully withhold vested policy proceeds and workers' compensation benefits.

**II. JURISDICTION AND VENUE**

4. This Court possesses original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.), the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.), 42 U.S.C. § 1981, and the False Claims Act (31 U.S.C. § 3730(h)).

5. Supplemental jurisdiction exists over all California statutory and common-law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

6. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events, employment placements, emergency department encounters, and bad-faith denials occurred within Los Angeles and Riverside Counties.

**III. PARTIES**

7. Plaintiff IFEOMA CHUKWURAH resides in Los Angeles County, California.

8. Defendant KAISER FOUNDATION HEALTH PLAN, INC. is a California healthcare service plan corporation exercising operational control over healthcare delivery and staffing.

9. Defendant KAISER FOUNDATION HOSPITALS operates hospital facilities, including Kaiser Riverside Medical Center and Kaiser South Bay Medical Center, where Plaintiff was jointly employed and received care.

10. Defendant NOMAD HEALTH, INC. and Defendant NOMAD NURSES, INC. are digital healthcare staffing agencies that placed Plaintiff into California hospital systems.

11. Defendant TORRANCE MEMORIAL MEDICAL CENTER is a California hospital system that jointly supervised and blackballed Plaintiff following protected disclosures.

12. Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. is an independent claims administrator managing workers' compensation and disability accommodation determinations on behalf of Plaintiff's employers.

13. Defendant QBE INSURANCE CORPORATION (and Praetorian Insurance Company) provided commercial liability and workers' compensation coverage for Nomad Health placements.

14. Defendant EVERLY LIFE INSURANCE COMPANY (and Security Benefit Life Insurance Company) issued Plaintiff's term life and critical illness coverage under Policy #AU22005915.

15. Defendant AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC) issued supplemental disability and critical illness policies to Plaintiff.

16. Defendants DOES 1 through 100 are entities or individuals responsible for the unlawful acts alleged herein.

**IV. STATUTORY ADMINISTRATIVE EXHAUSTION**

17. Plaintiff has fully exhausted all required administrative remedies:

- 17.1. On October 4, 2025, the California Civil Rights Department (CRD) issued an immediate Right-to-Sue Notice in Matter No. 202510-31547703.
- 17.2. On February 5, 2026, the U.S. Equal Employment Opportunity Commission (EEOC) confirmed dual-filing under Title VII, ADA, and ADEA under EEOC Charge No. 37A-2026-00960 (CRD Case No. 202510-31751016).
- 17.3. On February 17, 2026, the CRD issued its formal Notice of Case Closure and Right-to-Sue in Case No. 202510-31751016.
- 17.4. On March 27, 2026, the EEOC issued its formal Dismissal and Notice of Rights (Right-to-Sue) in Charge No. 37A-2026-00960.

18. All claims are timely filed and subject to statutory tolling under Cal. Gov. Code § 12965(e).

**V. FACTUAL ALLEGATIONS/STATEMENT OF FACTS**

**A. Professional Background and Prior Kaiser Employment (2014–2017)**

19. Plaintiff Ifeoma Chukwurah is a Registered Nurse licensed in California since February 2013, holding a Bachelor of Science in Nursing (BSN) and a Master of Public Administration (MPA).

20. Plaintiff's professional relationship with Kaiser Permanente began in August 2014 as a Travel RN Case Manager. Due to demonstrated clinical competence, Plaintiff was cross-trained and directly hired as a staff Emergency Department (ED) RN Case Manager at Kaiser Permanente Los Angeles Medical Center (LAMC), working overnight shifts from 2015 to 2017 with an unblemished record.

21. In that role, Plaintiff maintained final authority for complex utilization decisions, behavioral health transfers, and discharge coordinations, establishing her complete qualifications for emergency case management across the Kaiser system.

**B. 2023 Assignment, Joint-Employer Supervision, and Demographic Isolation**

22. In February 2023, Plaintiff returned to Kaiser Permanente Riverside Medical Center as an Emergency Room RN Case Manager placed via staffing agency Nomad Health, Inc. / Nomad Nurses, Inc., working four consecutive 10-hour overnight weekend shifts (Friday through Monday, 8:00 PM to 6:30 AM).

23. Although Nomad Health handled placement administration, Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. exercised exclusive, day-to-day operational control over Plaintiff's clinical schedules, on-site supervision, badging, Electronic Health Record (EHR) access, and working conditions, creating an active statutory Joint Employment Relationship pursuant to California Labor Code § 2810.3 and FEHA.

24. Plaintiff was the only Black RN Case Manager assigned to the Emergency Department night shift at Kaiser Riverside. Throughout her placement, Plaintiff was subjected to persistent disparate treatment, racial microaggressions, mocking of her Nigerian heritage, and deliberate mispronunciations of her name ("Ifeoma") by coworker RN Marites "Tex" Campos and supervisory staff, even after providing a shortened name ("Ife").

25. Plaintiff was further subjected to sex-stereotyping and hostile remarks regarding her family caregiving responsibilities, wherein coworkers dismissed her physical exhaustion by asserting that as a single woman without children she had no reason to experience fatigue, disregarding her known duties caring for her mother with Stage Two Alzheimer's disease.

**C. The Blended Wage Suppression Scheme & Benefit Deprivation**

26. Defendants Nomad Health, Inc., Nomad Nurses, Inc., and Kaiser entities engaged in an unlawful blended wage recharacterization scheme under *Clarke v. AMN Services, LLC*, 987 F.3d 848 (9th Cir. 2021).

27. Defendants paid Plaintiff an overall compensation rate of $3,000.00 to $3,300 weekly (20.00 to $25.00/hr) while classifying $1,500.00 to $1,799.00 per week as non-taxable "per diems" and stipends tied directly to hours worked.

28. This scheme unlawfully reduced Defendants' payroll taxes and workers' compensation premiums while systematically depressing Plaintiff's statutory Social Security Average Indexed Monthly Earnings (AIME) credits, California State Disability Insurance (SDI) base, and Temporary Total Disability (TTD) indemnity calculation rates.

**D. Disability Disclosure, Accommodation Requests, and Retaliatory Termination**

29. Plaintiff is a qualified individual with documented disabilities, including Attention Deficit Hyperactivity Disorder (ADHD), Autism Spectrum Disorder (AuDHD), and related physical impairments.

30. On April 16 and 17, 2023, Plaintiff submitted written disclosures of her disabilities to direct supervisor Boramy Penh and Nomad Health HR (Briana Hall), requesting reasonable accommodations including structured communication and schedule adjustments.

31. Kaiser management and Nomad Health failed and refused to engage in a good-faith interactive process. Instead, on May 1–2, 2023—approximately one week after her formal accommodation request and clinical safety reports—Defendants abruptly terminated Plaintiff's employment assignment.

32. Following termination, Defendants Nomad Health and Kaiser intentionally concealed and refused to produce Plaintiff's complete personnel and payroll records under California Labor Code § 1198.5 and § 226, resulting in formal administrative citations and penalties in DLSE Case No. WC-CM-1083443.

**E. Multi-System Blackballing & Refusal to Rehire (2024–2025)**

33. Throughout 2024 and 2025, Plaintiff submitted over 100 applications for open, qualified RN Case Manager, Quality Consultant, and Utilization Review positions across Kaiser Permanente facilities and regional healthcare networks, including Torrance Memorial Medical Center.

34. Despite Plaintiff's proven qualifications and prior successful staff tenure at Kaiser, Defendants systematically rejected, cancelled, or placed Plaintiff's applications on "no longer in consideration" status without interview or explanation immediately following her protected administrative complaints and Right-to-Sue filings, constituting active blacklisting and retaliatory refusal to rehire.

**F. December 1–2, 2025 Hospital Battery, Chemical Restraint, and Diagnostic Concealment**

35. On December 1–2, 2025, Plaintiff presented to Kaiser Permanente South Bay Medical Center Emergency Department with acute, severe symptoms including

extreme hypertension (175/134 mmHg), shortness of breath, palpitations, and severe headache.

36. When Plaintiff verbally advocated for clinical escalation, questioned unsafe discharge plans, and requested reasonable communication accommodations as a Black disabled woman, hospital staff and physicians (including Dr. James Yarovoy and Dr. Jenny Wu) retaliated against her self-advocacy.

37. Without medical justification, without a Cal. Welf. & Inst. Code § 5150 psychiatric hold, without a Code Gray activation, and without law enforcement involvement, clinical staff placed Plaintiff in four-point mechanical restraints and forcibly administered chemical sedation (Midazolam/Versed) without informed consent.

38. Emergency Department records explicitly document that Plaintiff was placed in physical restraints before the evaluating physician had examined her, and that Plaintiff expressed real-time concern that she was being treated punitively because she "raised [her] voice as a Black woman".

39. Kaiser staff discharged Plaintiff while withholding diagnostic CT imaging findings that identified abnormal liver lesions, which occurred while Plaintiff was undergoing active evaluations for what was shortly thereafter confirmed to be renal cell carcinoma (RCC) requiring robotic partial nephrectomy surgery on December 12, 2025.

40. This hospital conduct was investigated and substantiated under federal Medicare Conditions of Participation (42 C.F.R. § 482.13) and California Code of Regulations Title 22 § 70707, under CDPH/CMS Intake #CA00985349.

**G. Retaliatory EHR Weaponization, Insurance Bad Faith, and Foreclosure Causation**

41. Following Plaintiff's formal hospital grievances, Kaiser administrative personnel weaponized Plaintiff's Electronic Health Record (EHR), inserting non-clinical, disparaging labels characterizing her as "litigious" and "combative,"

which biased subsequent treating providers and obstructed the onboarding of authorized CalAIM Enhanced Care Management (ECM) benefits for eight months.

42. Following her cancer diagnosis, Plaintiff submitted timely claims under her supplemental policies:

- a. Defendant Everly Life Insurance Company / Security Benefit Life Insurance Company engaged in bad-faith claims administration under Policy #AU22005915, delaying review for months, falsely asserting that an illustrated $500,000.00 Critical Illness rider was a "system error," and tendering a lowball $1,500.00 release demand.
- b. Defendant Aflac / Tier One Insurance Company delayed claims for over 30 days and unilaterally cancelled Plaintiff's active policies without authorization.
- c. Defendant Sedgwick Claims Management Services, Inc. and QBE Insurance Corporation engaged in bad-faith claims obstruction, refusing written ADA communication protocols and withholding accrued workers' compensation Temporary Total Disability (TTD) indemnity.

43. The coordinated withholding of earned wages, policy proceeds, and statutory disability indemnity stripped Plaintiff of liquidity while disabled and undergoing cancer surveillance, proximately causing severe financial exhaustion and the non-judicial foreclosure auction of her primary residence on August 6, 2026.

## VI. CAUSES OF ACTION

### COUNT 1: CIVIL RICO (18 U.S.C. §§ 1962(c), (d), 1964(c))

*(Against Kaiser Entities, Nomad Health, Nomad Nurses, Sedgwick, QBE, Everly Life, and Aflac)*

44. Plaintiff realleges and incorporates all preceding paragraphs.

Defendants conducted an enterprise through a pattern of racketeering activity—including mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. §

1343) via interstate claims and portal systems—proximately causing concrete financial harm to Plaintiff's property and business.

**COUNT 2: FALSE CLAIMS ACT RETALIATION (31 U.S.C. § 3730(h))**

*(Against Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., and Nomad Health, Inc.)*

45. Plaintiff realleges and incorporates all preceding paragraphs.

46. Defendants terminated and blackballed Plaintiff in retaliation for her opposition to understaffing and fraudulent Medicare/Medi-Cal billing certifications.

**COUNT 3: ADA TITLE II & TITLE III DISCRIMINATION (42 U.S.C. §§ 12132, 12182)**

*(Against Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc.)*

47. Plaintiff realleges and incorporates all preceding paragraphs.

48. Kaiser subjected Plaintiff to non-consensual physical/chemical restraints and refused written Title II communication accommodations during healthcare delivery.

**COUNT 4: ADA TITLE I DISCRIMINATION & RETALIATION (42 U.S.C. §§ 12112, 12203)**

*(Against Nomad Health, Inc., Nomad Nurses, Inc., Kaiser Entities, and Torrance Memorial Medical Center)*

49. Plaintiff realleges and incorporates all preceding paragraphs.

50. Defendants terminated Plaintiff's employment and blacklisted her from rehire due to disability and accommodation disclosures.

**COUNT 5: RACE DISCRIMINATION & CONTRACT INTERFERENCE (42 U.S.C. § 1981)**

*(Against Kaiser Entities, Nomad Health, Inc., Nomad Nurses, Inc., and Torrance Memorial Medical Center)*

51. Plaintiff realleges and incorporates all preceding paragraphs.

52. Defendants intentionally impaired and interfered with Plaintiff's placement contracts and clinical rights on the basis of race.

**COUNT 6: HEALTHCARE WHISTLEBLOWER RETALIATION (Cal. Health & Safety Code § 1278.5)**

*(Against Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc.)*

53. Plaintiff realleges and incorporates all preceding paragraphs.

54. Defendants retaliated against Plaintiff within 120 days of her clinical safety reporting, triggering the statutory presumption of retaliation.

**COUNT 7: GENERAL WHISTLEBLOWER RETALIATION (Cal. Labor Code § 1102.5)**

*(Against Nomad Health, Inc., Nomad Nurses, Inc., Kaiser Entities, and Torrance Memorial)*

55. Plaintiff realleges and incorporates all preceding paragraphs.

56. Defendants took adverse actions against Plaintiff for disclosing regulatory violations to oversight bodies.

**COUNT 8: STATUTORY JOINT-EMPLOYER LIABILITY (Cal. Labor Code § 2810.3)**

*(Against Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc.)*

57. Plaintiff realleges and incorporates all preceding paragraphs.

58. As client-employers, Kaiser entities are jointly liable for all wage suppression, record withholdings, and workplace torts committed through contracted staffing agencies.

**COUNT 9: FEHA DISCRIMINATION, RETALIATION & FAILURE TO ACCOMMODATE (Cal. Gov. Code § 12940 et seq.)**

*(Against Nomad Health, Nomad Nurses, Kaiser Entities, Torrance Memorial, and Sedgwick/QBE as Agents under Raines)*

59. Plaintiff realleges and incorporates all preceding paragraphs.

60. Defendants discriminated against Plaintiff, failed to provide accommodations, and retaliated against her following protected complaints.

**COUNT 10: FINANCIAL ABUSE OF A DEPENDENT ADULT (Cal. Welf. & Inst. Code § 15610.30)**

*(Against Sedgwick, QBE, Everly Life, and Aflac)*

61. Plaintiff realleges and incorporates all preceding paragraphs.

62. Defendants knowingly withheld and suppressed disability indemnity and critical illness benefits from an oncology patient with documented disabilities.

**COUNT 11: PHYSICAL ABUSE & NEGLECT OF A DEPENDENT ADULT (Cal. Welf. & Inst. Code § 15610.57)**

*(Against Kaiser Foundation Hospitals and South Bay ED Staff)*

63. Plaintiff realleges and incorporates all preceding paragraphs.

64. Defendants subjected a disabled patient to unconsented mechanical and chemical restraints and withheld vital diagnostic findings.

**COUNT 12: TOM BANE CIVIL RIGHTS ACT & BATTERY (Cal. Civ. Code § 52.1)**

*(Against Kaiser Foundation Hospitals and Clinical/Security Personnel)*

65. Plaintiff realleges and incorporates all preceding paragraphs.

66. Defendants used physical force and non-consensual chemical sedation to interfere with Plaintiff's constitutional and civil rights.

**COUNT 13: COMMON LAW FALSE IMPRISONMENT**

*(Against Kaiser Foundation Hospitals)*

67. Plaintiff realleges and incorporates all preceding paragraphs.

68. Pled in the alternative: Defendants unlawfully confined Plaintiff in mechanical restraints without legal authority or clinical necessity.

**COUNT 14: FIRST-PARTY INSURANCE BAD FAITH (BREACH OF IMPLIED COVENANT)**

*(Against Everly Life, Aflac, and QBE/Praetorian)*

69. Plaintiff realleges and incorporates all preceding paragraphs.

70. Insurers engaged in bad-faith claim delays, deceptive portal disclosures, and lowball release demands, entitling Plaintiff to policy proceeds and Brandt attorney fees.

**COUNT 15: BREACH OF CONTRACT (INSURANCE POLICIES)**

*(Against Everly Life / Security Benefit Life [Policy #AU22005915], Aflac, and QBE)*

71. Plaintiff realleges and incorporates all preceding paragraphs.

72. Defendants breached contractual obligations by refusing to disburse covered critical illness, life, and disability benefits upon receipt of proof of loss.

**COUNT 16: CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200 et seq.)**

*(Against All Defendants)*

73. Plaintiff realleges and incorporates all preceding paragraphs.

74. Defendants' coordinated wage suppression, bad-faith claim handling, and employment blacklisting constitute unlawful, unfair, and fraudulent business practices.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For compensatory and economic damages, trebled pursuant to 18 U.S.C. § 1964(c) and 31 U.S.C. § 3730(h);
2. For $1,525,000.00 in withheld insurance proceeds, plus Brandt fees and consequential property damages;
3. For general damages for physical battery, restraint trauma, and civil rights penalties under Civil Code § 52.1;
4. For punitive and exemplary damages assessed in an aggregate sum of $5,500,000,000.00 to deter systemic industry misconduct;
5. For permanent injunctive relief mandating AuDHD clinical training, prohibiting retaliatory EHR chart-tagging, and appointing an independent federal monitor;
6. For reasonable costs of suit; and
7. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

**DATED:** August 20, 2026

Respectfully submitted,

**/s/ Ifeoma Chukwurah**

Ifeoma Chukwurah, RN, BS, BSN, MPA

Plaintiff, Pro Se